IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAD A. CAMPANARO,  )
 )
    Plaintiff,  )
 )
    v.  ) Civil Action No. 16-254-J
 )
CAROLYN W. COLVIN, ACTING  )
COMMISSIONER OF SOCIAL SECURITY,  )
 )
    Defendant.  )

O R D E R

AND NOW, this 27th day of March, 2018, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred by: (1) failing to give adequate weight to the medical opinion evidence provided by Plaintiff's treating physician in formulating Plaintiff's residual functional capacity ("RFC"); (2) failing to base Plaintiff's RFC on substantial evidence because he did not rely on specific medical opinion evidence of record; and (3) failing to evaluate properly Plaintiff's subjective complaints. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision not to give controlling weight to the opinion evidence provided by treating physician Scott D. Mueller, M.D. It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

At the outset, the Court emphasizes that both opinions of Dr. Mueller at issue here consist merely of simple two- or three-page check-box evaluations that were filled out by the doctor. (R. 514-16, 1038-39). The forms largely contain options to circle or check and a few blanks to be filled in by hand. The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, the Court notes that Dr. Mueller's opinions lack significant discussion, explanation, or details to justify his statements contained therein.

Moreover, the Court finds that the ALJ sufficiently explained his reasons for giving Dr. Mueller's opinions less than controlling weight in his analysis. The ALJ did not fail to provide sufficient reasons for discounting Dr. Mueller's opinions, nor did he simply substitute his own lay analysis for the judgment of Dr. Mueller in formulating Plaintiff's RFC. Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Mueller's opinions, considering a number of

factors, and in light of all the evidence presented in the record. See 20 C.F.R. §§ 404.1527, 416.927.

In fact, the ALJ specified that he was giving different portions of Dr. Mueller's opinions either "little weight," "more weight," or "great weight" only after engaging in an extensive discussion of evidence including Plaintiff's treatment records and other objective medical evidence, opinion evidence, Plaintiff's reported symptoms and discussion of his activities of daily living. (R. 533-34). Then, after summarizing the findings from Dr. Mueller's two opinion forms, the ALJ explained that he was giving "little weight" to the limitations on sitting, standing, and walking, and the need for changing positions within the time and activity noted, because those limitations were not supported by the overall objective findings of record, treatment history, reports of symptoms, and activities of daily living. (R. 533). The ALJ also explained that, for the same reasons, he was giving "little weight" to the opinion as it concerned taking additional breaks and missing days per month, noting that Plaintiff had not reported any problem having entire days where he could not perform even simple tasks and that Dr. Mueller had offered no explanation for such limitations. (R. 533). The ALJ also gave "little weight" to the opinion with regard to Plaintiff needing to elevate his legs because no doctor had advised him to do so, Plaintiff had not reported a need to do so, and no rationale was provided for this limitation. (R. 533). On the other hand, the ALJ said he was giving "more weight" to Dr. Mueller's lifting and carrying limitation of 20 pounds than to his limitation of less than 5 pounds, because the higher limit was more consistent with Plaintiff's reports to Dr. Mueller and his testimony before the court, as well as the other objective medical findings. (R. 533-34). The ALJ also explained that he was giving "great weight" to Dr. Mueller's limitations on twisting, bending, stooping, squatting and climbing, noting that they are supported by the objective findings of record. (R. 534). The ALJ explained that he was giving "little weight" to the opinion's limits regarding time off-task, since Plaintiff had never reported problems with concentration or attention to Dr. Mueller or to any other treating or examining source, nor was there any evidence to support such a restriction in the record. (R. 534). Finally, the ALJ stated that he gave "little weight" to the opinion that Plaintiff was limited to working "zero" hours per day and being completely disabled, as such limitations were not supported by Plaintiff's current work activity of working at least two hours some days and much more than that some weeks, nor were such limitations supported by the other objective findings in the record. (R. 534).

Plaintiff's various side arguments concerning this issue also have no merit. For example, Plaintiff claims that Dr. Mueller's opinions are not inconsistent with the diagnostic studies, treatment notes and activities of daily living noted in the record. The diagnostic studies in the record, however are from prior to the relevant period, the treatment notes, which were discussed thoroughly, do not support the extreme limitations Dr. Mueller alleges, and the activities of daily living, likewise, are quite extensive and not supportive of the extreme limitations Dr. Mueller proposes. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (requiring ALJs to consider activities of daily living in formulating a Plaintiff's RFC). Plaintiff also complains that the ALJ failed to consider the treatment records of Steven B. Wolf, M.D., who performed surgery on Plaintiff prior to his alleged onset date. Although an ALJ is not required to cite to every record in his decision, see Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004), the Court notes that the ALJ did discuss and/or refer to Dr. Wolf's treatment records several times in his decision

3

(R. 524, 527-28, 534). Moreover, Dr. Wolf's records do not provide support for Plaintiff's claim in any event, as they are from a period prior to the alleged onset date and showed that his surgery had improved his condition. (R. 289-333).

Plaintiff also contends that the ALJ improperly referenced his not being referred for additional steroidal injections, a TENS unit, or physical therapy, when in actuality they had been attempted without lasting success. The record, however, simply does not support this claim. Additionally, Plaintiff argues that the ALJ improperly cast doubt on Dr. Mueller's finding of a positive straight leg raise on examination because it did not include details on how such test was administered. While the ALJ was dubious about the result reported since the record contained no explanation of how it was conducted (seated or supine, the degree of the positive finding, the type of pain elicited, or which leg was positive), the questionable reliability of this test was only one of many concerns that the ALJ had with Dr. Mueller's findings and the ALJ also noted that he had the same concern about the same test (which produced an opposite, negative, result) when carried out by the consultative examiner. To the extent that Plaintiff raises other related objections to the ALJ's treatment of Dr. Mueller's opinion, the Court also finds them to be without merit.

The ALJ then concluded, and the Court agrees, that the RFC is supported by the overall objective findings of record, normal findings by the consultative examiner (discussed infra), Plaintiff's treatment history (including surgeries prior to the onset date but only maintenance pain medication since the alleged onset date), Plaintiff's reports of symptoms showing aggravation which is accounted for by limitations in the RFC, and Plaintiff's activities of daily living. The Court thus finds that the ALJ thoroughly and carefully addressed all relevant issues in formulating Plaintiff's RFC and, specifically, that the ALJ did not err in weighing the opinion evidence of Dr. Mueller. The Court finds that substantial evidence supports the ALJ's evaluation of Dr. Mueller's opinion evidence and his decisions as to the weight he gave to those opinions in making his ultimate determination.

Second, Plaintiff argues that his RFC is not based on substantial evidence because the ALJ did not rely on specific medical opinion evidence in making his assessment. The Court notes, initially, that Plaintiff's argument is essentially based on a mistaken understanding of the decision issued by the Court of Appeals for the Third Circuit in Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). As this Court previously explained in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), and in Callahan v. Colvin, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014), the Doak decision does not hold that an ALJ's RFC findings must be based on a specific medical opinion. Rather, the Court of Appeals in Doak held simply that nothing in that particular record supported the finding by the ALJ that the plaintiff could perform light work. The Court of Appeals never suggested, however, that a finding of ability to perform light work could only be made if an opinion had clearly stated that the claimant could perform such work.

Moreover, it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); see also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c); SSR 96-5p, 1996 WL 374183 (July

4

2, 1996). Additionally, "[t]here is no legal requirement that a physician [must] have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006); see also Chandler, 667 F.3d at 362 (holding that every fact incorporated into an RFC does not have to have been found by a medical expert). In fact, the Circuit Court in Titterington clearly noted that "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." 174 Fed. Appx. at 11. Accordingly, Doak does not prohibit the ALJ from making an RFC assessment if no doctor has specifically made the same findings. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Circuit Court, under the facts of that case, simply made a substantial evidence finding in light of a limited record; it did not create a new rule that an RFC determination must be based on a specific medical opinion. Further, this general understanding is confirmed by subsequent Third Circuit case law. See Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

In fact, an RFC is properly based on all of the relevant evidence in the case record. See 20 C.F.R. §§ 404.1545, 416.945. Therefore, the ALJ is not limited to choosing between competing opinions in the record, and may instead develop his own. See 20 CFR §§ 404.1546(c), 416.946(c). The ALJ is thus not required to rely only on a particular physician's opinion, and the RFC finding is actually an administrative—rather than a medical—determination. See 96-5p, 1996 WL 374183, *5. Moreover, although reliance on physicians' opinions is common, "the regulations do not require ALJs to seek outside expert assistance." See Chandler, 667 F.3d at 362.

In the case at bar, as discussed, supra, the Court finds that substantial evidence supports the ALJ's assessment that Plaintiff has the RFC to perform light work with a number of additional limitations. (R. 525). The ALJ carefully reviewed Plaintiff's subjective complaints, but, considering his corresponding medical treatment, found them to be inconsistent with the other evidence in the record. The ALJ also correctly noted that Plaintiff had relatively full and independent activities of daily living, including driving, working part-time, preparing simple meals, caring for his dog, doing certain household tasks, and caring for his personal needs with some accommodations for bending. (R. 532). The ALJ further explained that, reviewing the objective evidence in the record, including Plaintiff's records from surgeries prior to the relevant period, and his treatment history with his current physician, Dr. Mueller, Plaintiff's medical history was simply inconsistent with—and did not support—his disability claims. After discussing the record evidence at great length, the ALJ explained that Plaintiff's treatment from his medical care providers was essentially conservative in nature and did not support a finding of disability. (R. 533). The ALJ noted that Plaintiff needed no surgery since his 2005 surgery, had had no injections, physical therapy or ER room visits since his onset date, and had maintained a pain medication regimen which, as he reported, kept him functional and able to perform his activities of daily living. (R. 533).

Moreover, in determining Plaintiff's RFC, the ALJ also considered the opinion of consultative examiner Rafay Ahmed, M.D. The Court notes that the ALJ ordered that this consultative examination be performed after Plaintiff's hearing because of the confusing nature of Dr. Mueller's records. (R. 588-89). Dr. Ahmed assessed Plaintiff as being capable of performing light work with further postural and environmental limitations. (R. 1078-90). The

ALJ noted that Dr. Ahmed's examination findings showed a normal gait, an ability to walk on heels and toes without difficulty, a normal squat 2/3 of full, a normal station, a normal tandem walk, and no assistance needed with changing or getting on and off the examination table. (R. 529). The ALJ also explained that Dr. Ahmed found that Plaintiff had no spinal or paraspinal tenderness, no spasm, no trigger points, and a negative straight leg raise bilaterally (with no indication as to the position in which this test was performed), and with regard to lower extremities, full strength throughout, no muscle atrophy, no sensory abnormality and physiologic and equal reflexes. (R. 529). Nevertheless, the ALJ found Dr. Ahmed's opinion to be an overestimation of Plaintiff's abilities and gave it "little weight," considering Plaintiff's "history of two lumbar surgeries with subsequent diagnostic findings including stenosis and some, albeit largely benign, objective findings since his alleged onset date of a reduced left ankle reflex and positive straight leg raise." (R. 534). (R. 22). Accordingly, the ALJ assessed Plaintiff as having greater limitations than those found by Dr. Ahmed, yet fewer than those found by Dr. Mueller.

The ALJ ultimately concluded that the RFC was supported by the overall objective findings of record including the diagnostic findings prior to the date last insured and the objective clinical findings after the date last insured (including the reduced left ankle reflex and positive leg raise noted by Dr. Mueller but the normal findings by Dr. Ahmed); the overall treatment history including two surgeries and injections and pain medications prior to the alleged onset date, but only maintenance pain medication since which he reported kept him functional; Plaintiff's reports of symptoms which show some back pain and numbness/tingling in his leg that is aggravated by prolonged sitting and heavy lifting, which are accounted for in the RFC limitation to posturally immaterial jobs and light lifting limitations; and Plaintiff's extensive activities of daily living including his part-time work. (R. 534-35). Based on the evidence of record, therefore, the Court finds that the ALJ thoroughly discussed his consideration of all of the relevant evidence—including Plaintiff's activities of daily living, his course of medical treatment, and his testimony overall—and made an appropriate RFC determination, which included several limitations stemming from his impairments. As discussed, supra, nothing in the statute, in the regulations, or in the case law requires the existence of a specific outside medical opinion for the ALJ to make the RFC determination that he made in this case. See Chandler, 667 F.3d at 362. Therefore, the Court finds that substantial evidence supports the ALJ's ultimate determination that Plaintiff retains the ability to perform work consistent with his RFC finding.

Finally, Plaintiff asserts that the ALJ also erred in evaluating his subjective complaints. In support of this contention, Plaintiff argues, in essence, that the ALJ failed to consider properly his subjective complaints and that the ALJ should have found that the severity of his symptoms was supported by the objective medical evidence as well as by his activities of daily living. The Court finds, however, that the ALJ did in fact properly address the medical evidence and that the ALJ adequately considered Plaintiff's subjective complaints—ultimately accounting for the limitations resulting from his impairments—in forming Plaintiff's RFC.

In determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. §§ 404.1529(a), 416.929(a). A claimant's

subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms he alleges. See 20 C.F.R. §§ 404.1529(b), 416.929(b). Once an impairment is found, the ALJ then must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit his ability to work. See 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment). In the ALJ's decision here, after examining Plaintiff's medical treatment and subjective complaints in connection with his alleged impairments, the ALJ simply found that such evidence did not fully support the limitations he alleges.

More specifically, Plaintiff claims that the ALJ erred in discounting his testimony for improper reasons, including relying on his activities of daily living and not adequately considering his work history. As discussed, supra, however, in formulating Plaintiff's RFC, the Court finds that the ALJ properly considered Plaintiff's activities of daily living, which were quite extensive, and ultimately found them to be inconsistent with his allegations of disabling pain and limitations. Instead, the ALJ found Plaintiff's activities of daily living to be supportive of his RFC assessment. (R. 532). Moreover, the ALJ did in fact find that Plaintiff has a number of severe impairments including degenerative disc disease status post low back fusion at L5-S1 with spondylosis, spondylitis, and spondylolisthesis; osteopoikilosis; medial epicondylitis; osteophytes and syndesmophyte formation/DISH syndrome of the lumbar spine; lumbar spinal stenosis and foraminal narrowing; lumbar facet arthropathy; chronic pain syndrome; status post biceps muscle tear with intramuscular hematoma; anteriolisthesis; and lumbago/sciatica. (R. 523). However, upon substantial review of all the evidence of record, the ALJ simply found that the evidence as a whole did not support the extreme limitations that Plaintiff alleges. Furthermore, with regard to Plaintiff's work history, the ALJ noted that Plaintiff had strong and consistent earnings prior to his 2003 surgery, but that such surgery had been performed almost 15 years earlier, and that Plaintiff was able to work at the substantial gainful activity level after his 2003 and 2005 surgeries through his 2011 disability onset date with no indication in the record of worsening at that time. (R. 532).

Thus, the ALJ found, after careful consideration of all the evidence, that Plaintiff's "medically determinable impairments could reasonably be expected to produce the . . . alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for the reasons he provided in his decision. (R. 527). The Court finds that the ALJ did not err in evaluating Plaintiff's subjective allegations because he thoroughly reviewed them in accordance with the regulations, and he provided sufficient explanation as to why he found those allegations to be not entirely consistent with the evidence of record.

As to any additional arguments mentioned summarily by Plaintiff in his brief, the Court finds that he has failed to establish how the ALJ's failure to consider properly any additional evidence of record constitutes reversible error.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

In sum, after careful review of the record, the Court finds that substantial evidence supports the ALJ's evaluation of the opinions presented and his decisions as to the weight he gave to those opinions in making his ultimate determinations regarding Plaintiff's RFC. The ALJ addressed the relevant evidence in the record, including full consideration of the opinion evidence, and he thoroughly discussed the basis for his RFC finding. Additionally, the Court finds that the ALJ did not err in assessing Plaintiff's subjective claims. Accordingly, the Court affirms.